```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION


CASSANDRA SINGLETON                                      PLAINTIFF

VS.                            CIVIL ACTION NO. 3:11CV224TSL-MTP

DENNIS GOLDMAN, EDNA GOLDMAN,                           DEFENDANTS
PERSONNEL NETWORK, INC.,
PERSONNEL NETWORK, LLC AND
PERSONNEL NETWORK, II, LLC
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Dennis Goldman, Edna Goldman, Personnel Network, Inc. (PNI), Personnel Network, LLC and Personnel Network II, LLC to dismiss or, alternatively, to stay and compel arbitration.  Plaintiff Cassandra Singleton has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the parties have entered an arbitration agreement which covers all of plaintiff's claims herein, and that therefore, defendants' request for an order compelling arbitration and dismissing this case is well taken.

Singleton, who alleges that she was formerly employed by all of the named defendants,[1] filed this lawsuit, asserting federal

---

[1] According to defendants, plaintiff was hired by Personnel Network, Inc. (PNI), "a management company that provides accounting, payroll and IT services to other related entities, [including defendants PN LLC and PNII]."  Defendants further

claims under the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (ERISA), as well as state law claims for negligent and intentional infliction of emotional distress. According to the complaint, defendants hired plaintiff on April 14, 2008 to serve as chief financial officer.  Thereafter, on July 5, 2010, due to an epidural abscess which developed after she received injections to treat neck pain, plaintiff underwent an emergency laminectory on her neck.  After this surgery, she was a quadriplegic.

Plaintiff returned to work in September 2010, and according to the complaint, defendant Dennis Goldman refused her request that the ladies' restroom be modified to accommodate her wheelchair and ultimately terminated her when she informed him that she would need additional leave for a second surgery.

Defendants have moved to compel arbitration in accordance with the arbitration agreement which was signed by plaintiff on April 14, 2008.  The agreement provides, in pertinent part:

> I hereby agree that any and all claims or controversies between me and the Company relating to my employment with the Company, or termination thereof, including claims for breach of contract, tort, employment discrimination (including unlawful harassment) and any violation of any state or federal law shall be resolved

---

recite that the Goldman defendants are individual stockholders and management personnel of PNI and related entities.

> by arbitration in accordance with the then applicable National Rules for Resolution of Employment Disputes of the American Arbitration Association. I understand that this Arbitration Agreement covers any and all claims that I might bring under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the California Fair Employment and Housing Act.
> . . .
> If any party prevails on a statutory claim which affords the prevailing party attorney's fees, then the arbitrator may award reasonable attorney's fees and costs to the prevailing party.
>
> I understand and agree that this Arbitration Agreement contains a full and complete statement of any and all agreements regarding resolution of disputes between the Company and me, and I agree that this Arbitration Agreement supersedes all previous agreements, whether written or oral, express or implied, relating to subjects covered in this Arbitration Agreement.

As is well established, in adjudicating a motion to compel arbitration under the FAA, the court conducts a two-step inquiry.

> The court must first determine whether the parties agreed to arbitrate the dispute. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. The court then must determine if any legal constraints foreclose arbitration of those claims.

<u>Brown vs. Pacific Life Ins. Co.</u>, 462 F.3d 384, 397 (5th Cir. 2006) (internal citations omitted). "The FAA expresses a strong national policy in favoring arbitration of disputes, and all doubts concerning arbitrability of claims should be resolved in favor of arbitration." <u>Primerica Life Ins. Co. v. Brown</u>, 304 F.3d 469, 471 (5th Cir. 2002).

3

Defendants maintain that they are entitled to an order compelling arbitration as the subject arbitration agreement is valid and all plaintiff's claims fall squarely within the scope of the agreement. For her part, plaintiff admits she signed the arbitration agreement; however, she challenges the validity of the agreement under Mississippi law, contending the agreement fails for want of consideration. See Byrd v. Simmons, 5 So. 3d 384, 388 (Miss. 2009) ("[a] valid contract must have (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (5) mutual assent, and (6) no legal prohibition precluding contract formation."); see also Morrison v. Amway Corp., 517 F.3d 248, 254 (5th Cir. 2008) (explaining that determination of whether an arbitration agreement is valid "is generally made on the basis of ordinary state-law principles that govern the formation of contracts") (internal quotation marks and citation omitted). More specifically, she argues that because the document memorializing the arbitration agreement evinces neither mutuality of promises, in particular promises to arbitrate, nor any other consideration, the agreement is not valid. In the court's opinion, however, there is *both* mutuality of obligation *and* consideration, though either alone would be sufficient in order for the agreement to be valid. See McKenzie Check Advance of Mississippi, LLC v. Hardy, 866 So. 2d 446, 453 (Miss. 2004) ("Pursuant to Mississippi law, mutuality of obligation is not

4

required for an arbitration agreement to be enforceable as long as there is consideration."); First Family Financial Svcs. v. Fairly, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001) ("[M]utual promises may constitute consideration.").

Plaintiff's characterization of the arbitration agreement as a "one-sided document requir[ing] [her] to arbitrate her claims, but does not require the employer to arbitrate anything or do anything" is not borne out by the terms of the document.  The first sentence of the agreement provides for resolution by arbitration of "any and all claims and controversies between me and the Company...," and thus reflects both parties' agreement to arbitrate disputes arising out of plaintiff's employment.  This intent is further evidenced by the provision on attorney's fees, which by its terms contemplates that either party could assert claims against the other as it authorizes the arbitrator to award reasonable attorney's fees and costs "*any party* [who] prevails on a statutory claim which affords the prevailing party attorney's fees...."  (Emphasis added).  Thus, there is mutuality of the obligation to arbitrate.

Even without such mutuality, however, the agreement would still be valid, as it is supported by adequate consideration. Defendants have presented Dennis Goldman's affidavit in which he states that PNI conditioned its decision to employ plaintiff on her signing the arbitration agreement; that PNI undertook a

5

detriment to pay and otherwise employ plaintiff; and that plaintiff received all the benefits of employment in return for her promise to arbitrate employment disputes.  See American Olean Tile Co. v. Morton, 247 Miss. 886, 893, 157 So. 2d 788, 790 (Miss. 1963) ("All that is needed to constitute valid consideration to support an agreement or a contract is that there must be either a benefit to the promisor or a detriment to the promisee.  If either of these requirements exist, there is sufficient consideration."). Significantly, plaintiff does not dispute that the "reality of the situation" may have been that she would not have been hired or would have been terminated had she not signed the agreement. However, she contends the agreement fails because Mississippi law requires that a contract contain a recital as to consideration in order to be valid and the arbitration agreement at issue here contains no such recital.  She further asserts that the parole evidence rule prohibits the court's consideration of Goldman's affidavit.

     In the court's opinion, the cases cited by plaintiff in support of her argument do not stand for the proposition that under Mississippi law, a contract may only be found to be supported by consideration if it contains a specific recital as to consideration.  Rather, the cases stand for the more general proposition that, in the absence of mutual promises, an agreement to arbitrate executed as part of a larger transaction is valid as

6

long as the underlying transaction is supported by consideration. See Raesly v. Grand Housing, Inc., 105 F. Supp. 2d 562, 570 (S.D. Miss. 2000) (holding that mutuality of obligation was not required to enforce arbitration clause executed in connection with contract to purchase mobile home "as long as the underlying contract was supported by consideration") (internal citations and quotations omitted), overruled on other grounds, Walton v. Rose Mobile Homes LLC, 298 F.3d 470, 478, n.16 (5th Cir. 2002)); McKenzie Check Advance, 866 So. 2d at 453 (same). Here, Goldman's affidavit demonstrates that the underlying employment agreement was supported by consideration and thus, the arbitration agreement that plaintiff executed in connection with her employment is valid.[2] Based on the foregoing, the court concludes that

---

[2]  Implicit in this conclusion is the court's rejection of plaintiff's argument that because the arbitration agreement contains an integration clause, the parole evidence rule forecloses the court's consideration of Goldman's affidavit. As the Mississippi Supreme Court has recognized:
> [T]he parol evidence rule does not become applicable unless there is an integration of the agreement, that is, unless the parties have assented to a certain writing as a statement of the agreement between them. Accordingly, it may be shown by parol evidence not only that the contract was never executed or delivered as a contract, but also that the proffered instrument was not the complete contract, or that its validity was impaired by fraud, illegality, duress, mistake, lack of or failure of consideration rendering the agreement voidable or void. Jones v. Index Drilling Co., 251 Miss. 578, 170 So. 2d 564 (1965); 4 Jaeger, Williston on Contracts §§ 631-634 (3d ed. 1961); 32A C.J.S. Evidence § 933 (1964).

Broome Constr. Co., Inc. v. Beaver Lake Recreational Center, Inc., 229 So. 2d 545, 547 (Miss. 1969); see also Restatement (Second) of Contracts § 214 ("Agreements and negotiations prior to or

defendants' motion is granted such that defendants are entitled to an order compelling arbitration and further that the case should be dismissed. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (providing that where all claims are referable to arbitration, upon granting motion to compel, district court has discretion to dismiss case, as opposed to imposing stay).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 30th day of August, 2011.

                                    _/s/ Tom S. Lee_____
                                    UNITED STATES DISTRICT JUDGE

---

contemporaneous with the adoption of a writing are admissible in evidence to establish ... (d) illegality, fraud, duress, mistake, lack of consideration, or other invalidating cause.").